JOHNSTON *against* IRWIN.

IN ERROR.

*Monday,*
June 9.

ERROR to the Common Pleas of *Union* county.

*Bradford,* for the plaintiff in error.

*Hall* and *Greenough,* contra.

TILGHMAN C. J.   *Matthew Irwin,* the plaintiff below, claims under an improvement made by *James Anderson,* in the year 1772.   On the 16th *June,* 1786, *Irwin* took out a warrant for 150 acres of land, including *Anderson*'s improvement, and in *February,* 1787, a survey of 171 acres, was made for him, adjoining *Peter Homing*'s land, (which is now the property of the defendant.) On the 25th *January,* 1788, the plaintiff obtained a patent on this survey.   In the patent, he is bounded by *Homing*'s land, but in mentioning the courses and distances there is supposed to have been an error, which would leave a vacancy of between 8 and 9 acres, (the land now in dispute,) between the tracts of the plaintiff and defendant.   To correct this error, the board of property, on the petition of the plaintiff, made an order, on the 15th *June,* 1801 ; that a re-survey should be made, and the error corrected ; in order, that a new patent might be issued to the plaintiff on the re-survey, he releasing his right under the old patent.   Nothing appears to have been done under this order, until the year 1806, when a re-survey, including the land in dispute, was made by *Henry Donnel,* deputy surveyor, but this re-survey was never returned, because the plaintiff desired that it should not. The defendant claims under an application in the name of *Peter Homing,* 3d *April,* 1769, for 300 acres, on which a survey of 208 acres was made, 18th *May,* 1770, and returned 15th *December,* 1774.

If the land in dispute was included in *Homing*'s survey, as was contended on behalf of the defendant, it would clearly be his property, because the application, 3d *April,* 1769, was prior to any pretension on the part of the plaintiff.   But the

*Residence is not necessary to make an adverse possession within the statute of limitations; the possession may be adverse by inclosing and cultivating the land.*

*The Commonwealth cannot be affected by the act of limitations.   But Query, how far it operates as to private persons, where the legal estate remains in the Commonwealth with an equitable interest in those persons.*

*But unquestionably the act of limitations runs from the date of a patent, whatever it might do before.*

1817.

JOHNSTON
v.
IRWIN.

plaintiff insisted, that it was not in *Homing*'s survey, and this was a fact submitted to the jury. The defendant also relied on the act of limitations, under which he claimed the land, even supposing, that it was not within the lines of his survey; and on this point he prayed the Court to direct the jury, " *that an adverse possession of* 21 *years would be a bar* " *to the plaintiff's recovery.*" The Court declared, " that " the party claiming the benefit of the statute, must have ac- " tual possession by himself or his tenant, *and residence* " *thereon.*" Without doubt there is error in this opinion. Residence is not necessary, to make an adverse possession. Land may be inclosed and cultivated without residing on it. And the possession is as much adverse in one case, as in the other. There is another part of the Court's charge too, in which they erred, in speaking of the act of limitations. This land, says the President of the Court, " if not within *John-* " *ston*'s lines, must either have been vacant, or belonging to " *Irwin* under his old improvement right, and in either " case the statute would not bar the plaintiff's recovery." But why should the claim under the improvement prevent the operation of the statute? The plaintiff had taken a pa- tent on this improvement right, more than 21 years before the bringing of this ejectment. In this patent he was bound- ed by *Johnston*'s tract, and, therefore, had a right to run to, and with that tract, notwithstanding an error in mentioning the course and distance. Now unquestionably the statute of limitations would run from the date of the patent, what- ever it might do before; but I desire it to be explicitly un- derstood, that I intimate no opinion as to the operation of the statute, before the patent. The Commonwealth cannot be affected by the act of limitations. But what may be its operation on private persons, in cases where the legal estate remains in the Commonwealth with an equitable in- terest in those persons, is a point which involves important consequences, and will require great consideration, whenever it shall be brought before us. Upon the whole, I am satis- fied, that there is error in the charge, and, therefore, the judgment should be reversed, and a *venire facias de novo* awarded.

GIBSON J. concurred.

Duncan J. On this bill of exceptions it appears, that the plaintiff in error requested the instruction of the Court to the jury on several matters, and to this instruction of the Court, and to the charge generally he has excepted.

Many of the matters assigned as errors, are not stated so distinctly as to enable the Court to give their opinion, on all the questions attempted to be raised on the record, and the inquiry has been ultimately confined by the counsel to the operation of the act of limitations.

From the nature of the titles, and the tenures of *Pennsylvania*, this act will give rise to many new and important. questions, of very general concern. As the questions arise, and are brought distinctly before the Court, they will be decided. It is unnecessary, and perhaps would be. improper to anticipate them. The opinion of the Court is now confined to that part of the charge which states, "that the statute of limitations is no bar where a man clears over his lands by mistake; it does not run against the Commonwealth; and this land, if not within *Johnston*'s lines, must either have been vacant, or belonged to *Irwin*, under his old improvement right; *in either case*, the statute would not bar the plaintiff's recovery." If the land originally belonged to *Irwin*, under his old improvement right, and *Johnston* had continued in the adverse actual possession, by real inclosures for twenty-one years, it appears to me, that such continued possession and occupation, would be protected. I cannot see any case where time would be a bar (if not in this) against the old improvement right of *Irwin*. Whether it would, on the title of *Irwin*, and on the state of the possession, as declared by the testimony, if that testimony was believed by the jury, I refrain from giving any opinion, as I wish the cause to go back. for trial without prejudice. But this broad doctrine of the Court, might tend to mislead the jury. What will be the effect of the act of limitations in a case, where there is an inception of title, not consummated by patent? The act will not run against the state, or affect the interest of the state. But how far, and under what circumstances, it will bar the right of entry of such party, where there has been an actual adverse possession and occupancy for twenty-one years, presents a question of vast general interest and importance, viewed in all its consequences; more so than any other that can arise on the titles to lands in *Pennsylvania*. And I

1817.

JOHNSTON
v.
IRWIN.

wish it to be understood, that I express no opinion on this most interesting subject. [His honour here repeated the charge of the Court.] The question of limitation never can arise until one party has proved his title. The defence by limitations is founded on the absence of the real title in the party setting it up. The Court were desired to instruct the jury, " that an adverse possession of twenty-one years is a bar in " ejectment." The answer to this by the Court is, " that " the Court has stated this," and adds, " the party claiming " the benefit of the statute, must have actual possession by him- " self or his tenant, and residence thereon." I cannot discover the principle in reason or law, in which the superadded qualification of residence to the actual possession, is required. It is not to be found in the act itself. The bar by limitation is the subject of positive law; of legislative power, and not of judicial discretion. Rights to pre-emption from the state to be acquired by possession are founded on settlement and residence. Rights barred by limitations are where there is an actual exclusive adverse possession, definite, positive, and notorious; marked by definite boundaries, an uninterrupted and continued possession for twenty-one years. These are the essential qualities of the possession which forms a bar under the act of limitations, and are sanctioned by such uniformity of decisions in *England* and in the highest courts of many of the *United States*, that they must be considered as established principles and rules of property. For these reasons, I am of opinion, that there is error in these respects in the charge of the Court, and that judgment be reversed.

Judgment reversed, and a *venire facias de novo* awarded.