## Sorber *against* Willing.

10w   141
37SC   505

In order to give title to land by the statute of limitations, there must be an actual and uninterrupted occupancy of it for twenty-one years. An occasional occupancy, and an uninterrupted use of the land as a wood lot, together with the payment of taxes, will not give title.

ERROR to the common pleas of *Luzerne* county.

This was an action of ejectment by Richard Willing against Philip and Jacob Sorber. The plaintiff exhibited a perfect legal title to the land. The defendants relied upon the statute of limitations, and to avail themselves of it, proved that their father had gone upon the land in 1812, and built a saw-mill, which continued in operation about four years, when the dam was carried away by a freshet, and he, residing upon another tract of land about one mile off, continued to use the land by cutting timber from it every year; the saw-mill went to decay, and he sold the land to his son Philip, one of the defendants, who continued to use it every year in the same way, by cutting timber from it, until 1830, when he built another saw-mill upon it on another site; in the same year Jacob, another son, entered upon the land, made an improvement, and cleared a few acres of the land; this improvement and the saw-mill was continued, and all the taxes were paid up to 1838, when this ejectment was brought.

The court below (Jessup, president) was of opinion, that nothing less than an actual continued possession of the land for twenty-one years, would give title under the statute of limitations; and that evidence of the defendants having occasionally occupied the land, and always used it as wood-land, although they and those under whom they claimed, had paid all the taxes for the land since 1813, yet they were not entitled to recover, and instructed the jury to find for the plaintiff.

*Wright*, for plaintiff in error, cited 17 *Serg. & Rawle* 350; 3 *Watts* 73; 7 *Watts* 134, 566; *Serg. Land Law* 223; 10 *Serg. & Rawle* 306.

*M'Clintock* and *Woodward*, for defendant in error, cited 7 *Serg. & Rawle* 137; 1 *Serg. & Rawle* 118.

The opinion of the court was delivered by

GIBSON, C. J.—In Wright *v.* Guier, 9 *Watts* 172, we held, that the use of an unseated tract of land as a wood lot, is not an adverse possession to bar an action of trover for wood cut from it; and it is

X.—N

consequently not an adverse possession to give effect to the statute of limitations. What more was there here during a great part of the period of its course? The first occupant entered in 1812, and built a saw-mill, which was kept in use till 1817, when, the dam having been swept away, it went to decay, and finally to ruin; but without having had a dwelling on the land, he sold his claim, such as it was, to his son Philip, who is one of the defendants, and who, in 1830, built a saw-mill on another site, which has been in operation ever since. In the same year Jacob, also a son and defendant, entered, made a settlement, and cleared a few acres. The eject-ment was brought in 1838. Of the twenty-six years that elapsed betwixt the first entry and the action, the defendants were out of possession half the period; and the longest period of actual adverse possession consisted but of eight. Unless, therefore, they can con-nect their two periods of actual possession by an intermediate ad-verse link, their defence on the statute must fail. That link is attempted to be supplied by evidence, that they, or their father, had paid the taxes; but does payment of taxes alone constitute an actual adverse possession? In Johnson *v.* Irwin, 3 *Serg. & Rawle* 291, and in Royer *v.* Benlow, 10 *Serg. & Rawle* 306, it was ruled, that there must be inclosure or cultivation; and that the one or the other of these, or both, must have been continued with-out intermission. Now to leave the fragments of a ruined saw-mill on the land, is no more indicative of a retained possession, than to leave the fragments of a ruined fence on it, or a waste field grown up with sprouts or saplings. Then what is payment of taxes? In Royer *v.* Benlow, it was held to be equivalent to colour of title, and ground for a persumption of ouster from the residue by an occupant of a part; and the same principle was held in M'Call *v.* Neely, 3 *Watts* 73. From Read *v.* Goodyear, 17 *Serg. & Rawle* 350, a case indistinctly stated as regards the present point, it might be inferred that payment of taxes without entry and occupancy, is equivalent to an ouster; but there seems to have been an entry in that case, and besides the point decided had not regard to the statute of limitations, but to abandonment as a circumstance to strengthen the title of a vendee at treasurer's sale. Payment of taxes alone, therefore, though it may extend the limits of an adverse possession, does not constitute it. Like any other voluntary payment of another's debt, it gives no right or advantage against the owner. There must be, along with it, an actual occupancy of at least a part of the land; and for half the period, there was no such occupancy in the case before us. If the defendants' claim to the title had not been abandoned, at least their occupancy had been intermitted. Unlike settlers, they had not entered in good faith, and with an ex-pectation of holding by improvement: they were casual trespassers and had no possession to be protected. They were not, during the whole time, even squatters who held parcel of the land by actual possession. The jury, therefore, were properly directed that pay-

ment of taxes during the interval of actual occupancy, or even from the first entry, was not evidence of ouster.

Judgment affirmed.