## ADAMS v. ROBINSON.

The owner of a younger survey residing on the land does not acquire title to an interference, by mere user for woodland and making sugar, without actual enclosure or cultivation, when there is actual residence by the owner within the elder survey.

An entry and survey by the real owner breaks the continuity of an adverse possession. Per Jessup, P. J.

IN error from the Common Pleas of Wyoming county.

*July* 19.  Ejectment.  The plaintiff's title was a warrant and survey on the ground in 1813, including part of the land covered by the defendant's title.  He had resided on and cultivated the undisputed part of the tract, and made sugar, and cut timber trees on the land in dispute, and paid taxes for the whole for more than twenty-one years.

The defendant had the elder title, the lines of which were marked on the ground, and there had been residence on the undisputed part of his tract, by his tenants, during the twenty-one years' possession by the plaintiff.

In 1814, 1831, 1838, and 1844, the defendant, or those under whom he claimed, had entered upon, surveyed and re-marked the line of his survey, including the land in dispute.  There had been no cultivation, enclosure, or residence by either party on the property in dispute, but the plaintiff had erected a cabin there, which was used during the season for making sugar, but closed at other times.

His honour (JESSUP, P. J.) instructed the jury that the possession by the plaintiff was not of the character to divest the defendant's right, since he had actual possession of his tract.  And that the entries and surveys by him would have broken the continuity of the plaintiff's adverse possession thereof.

*Elwell*, for plaintiff in error.

*Butler*, contrà.

*July* 27.  PER CURIAM.—This case is not distinguishable in principle from Waggoner v. Hastings, and Kite v. Brown, decided at the last term at Harrisburg.  In the first, a warrantee in actual possession of a part of his tract was deemed to be in the exclusive possession of the whole of it, against one who had an older title to a part of it, but who was not in actual possession of any part of his survey; and this, though no act of ownership had been exercised over the part included by the interference.  In the present case, the plaintiff, being the owner of the unseated tract, though by a younger

title, claimed to recover the land within the interference, by an alleged adverse possession of it for twenty-one years; not arising, however, from enclosure, or cultivation, but from the use of it for all that time as a sugar-camp, during the season, which usually lasts from three to four weeks. But such an occupancy is too desultory and fugitive to fulfil the intent of the statute, which requires it to be actual, continued, notorious, distinct, and hostile. Annual entries to tap sugar trees, and boil the sap, constitute rather a succession of trespasses than an actual and permanent occupancy of the ground. In Johnson v. Irwin, 3 Serg. & Rawle, 291, and Royer v. Benlow, 10 Serg. & Rawle, 306, actual possession is said to arise from cultivation or enclosure; and in Sorber v. Willing, 10 Watts, 141, and Wright v. Guier, 9 Watts, 172, it was held, that the use of an unseated tract, as a wood lot, does not constitute it. These cases rule the point directly against the plaintiff.

Judgment affirmed.