## Murphy *et al. versus* Springer *et al.*

1. The payment of taxes on unseated land is an *indicium* of ownership, and, in connection with actual possession and cultivation, strong evidence of title.

2. Actual possession or cultivation of part of a tract of land—use of the uninclosed portions as woodland, and payment of taxes on the whole for twenty-one years, are circumstances which constitute title to the whole.

3. Without possession or cultivation of part of the tract, entries from time to time to take wood are merely trespasses, and confer no right, even when accompanied by payment of taxes.

ERROR to the Court of Common Pleas of *Fayette county.*

This was an action of ejectment by the heirs of Dennis Murphy, for about three acres of woodland. Both parties claimed under Hugh Kelly, who was the owner of this lot in 1802.

Defendants claim under and by virtue of a parol gift from Kelly, in 1802, and possession by them, and those under whom they claim, by entries, and cutting timber for firewood, &c., up to 1848. The lot was assessed to them, and they paid taxes on it.

Plaintiffs claim under a deed from Hugh Kelly to Dennis Murphy, the plaintiff's father, in 1819. Murphy never took possession of the property, nor paid any attention to it, and died in 1832.

The court, GILMORE P., charged the jury that there had been no possession of the lot, either by occupation or cultivation, that would allow the Statute of Limitations to run; and that, if the evidence was believed, there was no possession, either actual or constructive, and the plaintiffs were entitled to recover. The defendants have no title to this property, either by parol gift or under the Statute of Limitations. The three acres and nineteen perches was distinct from the property occupied by Mrs. Cahoon, and, according to the evidence, if believed, she had no possession of it, either by occupation or cultivation, to allow the Statute of Limita-

[Waterson *v.* Wilson.]

tions to run against the owners; her possession was neither actual nor constructive.

To which charge defendants excepted, and assigned the same for error.

*Kaine,* for plaintiffs in error, referred to *Porter* v. *M'Ginness,* 1 Barr, 413; *Mather* v. *Trinity Church,* 3 S. & R. 513; *Waggoner* v. *Hastings,* 5 Barr, 300; *M'Call* v. *Neely,* 3 Watts, 59; *Heiser* v. *Reihle,* 7 W. 35; *Laurence* v. *Hunter,* 9 W. 75; *Kelsey* v. *Murry,* Ib. 111; *Kite* v. *Brown,* 5 Barr, 291; *Saylor* v. *Hertzogg,* 10 Barr, 316.

————, for defendants in error.

The opinion of the court was delivered October 17, 1854, by

Woodward, J.—The payment of taxes on unseated land is an *indicium* of ownership, and, in connection with actual possession and cultivation, strong evidence of title; but it is not possession, *per se,* such as gives title under the Statutes of Limitation. Actual possession or cultivation of part of a tract of land—use of the uncleared portions as woodland, and payment of taxes on the whole for twenty-one years—are circumstances which constitute title to the whole; but without possession or cultivation of part of the tract, entries from time to time to take wood are mere trespasses, and confer no right, even when accompanied by payment of taxes. These principles, settled in many cases, are decisive against the defence set up here. Mrs. Cahoon and her son-in-law never fenced the three acres, and never had actual possession of any part of it, either for purposes of residence or cultivation. Living on a lot separate from this, they paid the taxes on it, they cut wood, and they consented to pipe-logs being laid through it. Were such acts visible, notorious, continued possession? They have never been so considered, but in *Sorber* v. *Willing,* 10 W. 141, similar acts were held insufficient to constitute title under the Statutes of Limitation.

We are of opinion, there was no error in the charge of the court, and the judgment is accordingly affirmed.