## FORREST VS. WALLACE.

An administratrix's deed, without her authority to make it being shown, is not evidence of title.

Title under the statute of limitations to unoccupied woodland cannot be made by payment of taxes alone.

Error to Common Pleas of Clearfield County. No. 264, January Term, 1872.

This was an action of ejectment brought by William A. Wallace against James Forrest and George Hockenberry, for all that part of tract in the name of Sarah Ward, being sixty rods wide and three hundred and twenty rods in length, adjoining the John Dorsey survey, situate in Knox township, Clearfield county, Pa.

During the trial the Court admitted the following offer:

"Deed Dec. 15, 1841. Mary M. P. Cram, administratrix of Ashbald Cram to Susan H. Gould, Mary M. P. Cram, administratrix of Ashbald Cram, Augustus Parley, John E. Parley and Sarah A. Cram for ⅙ of Sarah Ward tract. This is offered and to be followed by the record of deed payment of taxes and possession by plaintiff and those under whom he claims since Dec. 15, 1841."

Defendant objects to the record of deed for the reason that no authority is shown for administratrix to make the deed." Objection overruled and bill sealed for defendants. The admission of this evidence forms the subject of the first error. On Nov. 29, 1871, the jury found a verdict for the plaintiff. On January 13, 1872, a writ of error was taken by the defendant below. On March 19, 1872, the plaintiff below obtained leave of the Court to file "an amended description specially describing and pointing out the land sued for, and actually recovered in the action of ejectment aforesaid," under the Act of March 14, 1872, Sect. 1, P. L. 25, Pur. Dig., 94. The allowance of this amendment forms the ground for another assignment of error.

*J. B. McEnally, Esq*, for plaintiff in error, cited Mobley vs. Bruner, 59 Pa., 484; Miller vs. Casselberry, 47 Pa., 378; Hagey vs. Detweiler, 35 Pa., 409; Hunt vs. McFarland, 38 Pa., 69; Smith vs. Brotherline, 62 Pa., 461. He also argued that the allowance of the amendment on the application of the

plaintiff after trial, was not constitutional, as it infringed upon the right of trial by jury; and cited Trimble's Appeal, 6 Watts, 133; Brown vs. Hummell, 6 Pa., 86; Menges vs. Dent- ler, 33 Pa., 495.

*William A Wallace, Esq.,* contra, cited as to the constitu- tionality of the Act of March 14, 1872, Little vs. Larrabee, 2 Greenleaf, 37; Rowlain vs. McDowell, 1 Bay, 490; Sleight vs, Herning, 12 Mich., 371; Edwards vs. McFadden, 20 Iowa. 520; Humphrey vs. Doggs, 1 Iowa, 435. He also argued that the Court had previously possessed the power to make the amendment, and cited Burrows vs. Heysham, 1 Dallas, 134; Cambria Iron Co. vs. Tomb, 12 Wright, 388; Morris vs. Mc- Namee, 17 Pa., 173; Neel vs. Neel, 59 Pa., 347; Trego vs. Lewis, 58 Pa., 463; Iven's Appeal, 33 Pa., 237; Seitz vs. Buf- fum, 14 Pa., 71; Keen vs. Hopkins, 48 Pa., 445.

The Supreme Court reversed the judgment of the Common Pleas on July 3rd, 1872, in the following opinion, per,

AGNEW J.

We are all of opinion the Court below erred in admitting the deed of December 15th, 1841, from the administratrix of Ashbel Cram, deceased, to Augustus Perley and others, as evi- dence of title, without the authority being shown under which the administratrix acted. The offer to follow it up with evi- dence of the payment of the taxes and possession of the Ward survey, did not mend the matter, for the land was woodland and uncultivated, and no evidence was given of possession of the land embraced in the interference. The purpose was not to show color of title merely, in order to give effect to the statute of limitations. Such a deed, defining boundary, fol- lowed by actual possession under it and payment of taxes, may be used as color of title to extend the possession presump- tively to the boundaries in the deed; but title to unoccupied woodland cannot be made under the statute of limitation by the payment of taxes alone. Sorber v. Willing, 10 Watts, 141; Murphy vs. Springer, 1 Grant, 73; Groft vs. Weakland, 10 Casey, 304.

It is said in the counter-statement that the error was imma- terial, as the plaintiff below made out his title, without the deed objected to. But we do not discover this in the paper

books submitted. The defendant in error ought to have explained this to us. The defectiveness of paper books, and the difficulty of understanding them sometimes without the benefit of oral explanations, are some of the reasons why we are unwilling to receive cases upon submission. As we are able to gather this case from the record presented to us, we can discover nothing to cure the error of the Court below in receiving this deed for title.

Another error complained of is the amendment of the verdict of the jury without anything appearing in the record to amend it by. This was clearly an error as the law had been, but the amendment was allowed under an act of Assembly of the last session, evidently procured to reach this case. Such laws are of doubtful propriety, and this one raises a very difficult and delicate question of constitutionality. The amended verdict under this law is in truth, the mere act of the Court, finding what in their judgment was the intended verdict of the jury. The writ which the verdict would otherwise follow differs essentially from the amended description filed after the verdict, and to which the latter was made to conform by the Court upon a subsequent hearing. As the judgment must be reversed for the error already stated, it is unncessary to pass upon this question; but without giving an opinion upon the validity of the act, we may say this is a dangerous exercise of power, and may lead to unwarranted interference with the verdicts of juries.

Judgment reversed and a *venire facias de novo* awarded.