Lessee of the Reverend JOHN EWING *against* DANIEL BARTON.

One not pursuing his application with diligence shall be postponed. An application whereon the party has not attempted to make a survey is within the limitation act of the 26th March 1785, though the adverse party has obtained a survey thereon.

EJECTMENT for 300 acres of land in Mahoning township.

Both the parties claimed the land, under an application entered in the named of Nathaniel Breden, in the lottery of the 3d April 1769, No. 2755. The defendant held as tenant, under the heirs of William Ross, deceased.

It was proved that the name of Breden was made use of by Dr. Ewing, and that the original application was in his hand-writing, indorsed " John Galloway,."

A survey of 334 acres, are thereon made by William Scull on the 27th June 1772, but at whose instance or expense, did not appear. It was returned on the 27th October 1772, for William Ross, and a patent issued to him on the same day, in consideration of 23*l.* 2*s.* 9*d.* sterling.

. A certain Nathaniel Breden conveyed the location to William M'Cord on the 7th August 1772, in consideration of 5*s.*, M'Cord conveyed to William Ross on the 27th September 1772, in consideration of 200*l.* Both deeds were recorded on the 3d July 1784. And it appeared, that in the spring following his purchase, Ross began to improve on the lands, cleared 6 acres and fenced the same, and built a house thereon. He had occupied all the lands ever since by his tenants, and had paid all the taxes. It was shown that at the time of trial, there were on the place between 80 and 90 acres of cleared land, a large house and barn, a good orchard, and 6 acres of meadow made thereto.

The plaintiff claimed under a conveyance from another Nathaniel Breden to Dr. Ewing, in consideration of 5*s*, dated 20th October 1773, and recorded 9th February 1793 ; and this Breden swore, that Ewing had made use of his name, and that he had made a conveyance to no other person.

The acknowledgment of M'Cord, that he had procured a person to assume the name of Breden and personify him, was given in evidence by the depositions of another witness. But the court said, this part of the deposition ought not to have been read, and could have no weight in the cause ; because M'Cord; if living, could not have been received as a witness to invalidate the deed he had executed. 2 Atkly. 228. Nor shall his subsequent confession, after his death be received for such purpose.

And several other witnesses swore, that M'Cord was a reputable man, of good moral character.

The court, after argument by the counsel on both sides, gave it in charge to the jury, that the only question which occured, was, whether the location had been followed up with due diligence by Dr. Ewing; for if he has been guilty of neglect and laches, he has forfeited his pretensions to the land. In ejectment it became the indispensible duty of the plaintiff to establish his own title, against the defendant's possession.

If the survey had been made at the expense, or by the procurement of Dr. Ewing, it was readily capable of proof. It could not be presumed that it was made by the Breden under whom he claimed, because he was a mere nominal person, and his deposition moreover has been read. The survey preceded the assignment to M'Cord only 1 month and 10 days, and might have been made with a view of a sale to Ross. No claim is made while the defendants landlord is paying taxes, and laying out large sums of money for the improvement of the lands. No suit is brought until October term 1793, in the Common Pleas ; nor does it appear, that Dr. Ewing made any effort whatever respecting his claim, till near twenty years after the assignment of the location to him.

The case also appeared to be within the words and intention of the limitation act passed on the 26th March 1785, 2 Dall. St. Laws, 282. Though there is a survey on this application, it is not shown, that it was effectuated by the lessor of the plaintiff, or that he ever attempted to make one ; and therefore it shall not enure for his benefit. The survey is adverse to his title, has been returned for Ross, and the legal title is now vested in his heirs.

Verdict for the defendant.

Messrs. Ingersoll and C. Hall. *pro quer.*
Messrs. C. Smith, *pro def.*