*305 The opinion of the court was delivered by
Tilghman, C. J.
(after stating the case.) The president of the Court of Common. Pleas instructed the jury, “ that if the defendant had marked and designated the bounds of his claim, 21 years before suit brought, had land cleared and cultivated, at two places* half a mile distant from each other, and occupied the woodland as others do, and must, that is by cutting when and where it suited his convenience; he is protected in every part of such tract so designated, as much as in the spot covered by hjs house.” When the learned judge delivered his charge, he had not seen the case of Miller v. Shaw, which had not then been reported. The subject is truly important, and vve have reconsidered it with' great attention. The result of our deliberation has been, a conviction that the principle established in Miller v. Shaw was well founded. The matter was there so fully considered, and the reasons and authorities on which our opinion was founded set forth so much at large, that it will be unnecessary to say much on the present occasion. The person who has a warrant and survey, has a legal seisin, without actual entry, through the whole extent of his survey, and may support an action of trespass. No man has a right to enter for the purpose of making an improvement o.n land appropriated by a prior survey. The person so entering is bound to take notice of the survey, and is in law, a trespasser. Haying entered without title, or legal colour of title, his possession is confined to his actual occupation, and cannot be extended by construction. The designation of his claim by marks on the ground, is not an actual occupation, and consequently does not entitle him to the protection of the act of limitation. The seisin of the warrantee is not divested by the marking of lines. Whatever is enclosed or cultivated even without inclosure, may be said to be held by an actual adverse possession; and thus far the warrantee is disseised or ousted; But as to those parts, which remain in wood and uninclosed, even though the improver makes what use of them he may find necessary for fuel, fences, &c., the warrantee is not disseised; • The uninclosed woodland is claimed by two persons, the warrantee who has the right, and the improver who has no right. In that case, the law adjudges the possession to be in him who has the right, because it cannot be in two persons claiming adversely at the same time. The cutting of wood by the improver, is not exclusive of the possession which was in the warrantee from the time of his survey. The law does not oblige the warrantee to cut wood, in order to continue his possession. He might have cut it if he had chosen, and he is to be considered, with regard to the improver* in the same situation as if he actually had cut it. Then, if both had cut wood, the possession would have been annexed to the right, that is to say, it would have been in the warrantee. If «#.‘has a warrant and survey, and afterwards B. procures a warrant and survey including part of «#’s land, and *306 then enters and cultivates and incloses part, the uninclosed part included in both, surveys, is deemed in law to be in the possession of *8.. because' he has the right. And it is • not to be conceived, how an improver, who has neither warrant nor survey, can be in a better condition, and have a more extensive possession by the act of marking the boundaries of his claim, than one who had his boundaries marked by a legal survey. A man who enters into a tract of land, with title, has, immediately, by construction of law, the actual possession of the whole tract. But he who enters without title is a trespasser, and has no constructive possession, but is limited to the spot actually occupied. These are the general prin-eiples which govern the law of entry and of possession. But there may be cases, in which a jury might well presume an actual ouster, although the person who had the right, was not excluded by inclosure, or cultivation. I say, inclosure or cultivation, because continued cultivation, without inclosure, would be an exclusive possession. Wherever the person who has the right, confesses himself to be out of possession, the act of limitation runs against him, because there is sufficient evidence of his being ousted, although the land be not inclosed by his adversary. So, without actual confession, a man may show, by his conduct, that he considers himself out of possession. If one claiming by warrant and survey, omit to pay any part of his taxes for 21 years,.and suffer one who has entered without title and settled on the land, to pay the whole taxes during that whole period, the jury may presume that he,was ousted, and he will be barred by the act of limitation. So if he suffers his adversary who has designated his claim to part of the tract, by marks on the ground, to pay the taxes for that part for 21 years, he may be presumed to be ousted juro tanto. The counsel for the defendant has mentioned the case of an improver, who has cleared, cultivated, and inclosed, two parcels of land at a little distance from each Other, both within the limits of his designated claim, with a piece of woodland not actually inclosed, lying between them. That would be a strong case, and it might be left to the jury to decide whether there had been an ouster of such woodland. There may be other cases, in which there might be a presumption of ouster without actual inclosuré. To attempt an enumeration of them would be dangerous. They must be decided, as they arise. But the charge of the court below, in the present instance, took much broader ground. The jury were told that woodland designated by lines, and used by the defendant for his ordinary purposes, though not inclosed, was so exclusively in his possession, that the plaintiffs and those under whom they claimed, were ousted, and the act of limitation would bar them. This is contrary to the principles of Miller v. Shaio, and as we think, contrary to law. We are of opinion, therefore, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed and venire de novo awarded.