Per Curium.
The defendants were managers of a lottery, under the authority of an act of assembly, for the benefit of the Universalist Church, and gave bond to the governor of the commonwealth, for the faithful performance of their duty, in the penalty of 50,000 dollars. A suit was brought on this bond, for the use of one Samuel Grant, in which judgment was entered for the penalty, which was to stand as a security for all persons who drew7 prizes in the lottery. A scire facias was issued on this judgment for the use of Benjamin J. Phillips, who drew a prize of 10,000 dollars. This suit was submitted, at the instance of Phillips, to arbitrators, who made an award in his favour, from which he appealed. Pending the appeal, Phillips compromised with the defendants, in consideration of their paying a sum in cash, and procuring for him a *392 bond and mortgage from the church, for 4928 dollars; to be paid on the 16th April, 1824, with lawful interest from the date (16th April, 1812.) This compromise having been effected, an entry wasmadeonthe docket, in the following terms: “ 22d April, 1812, ended, and debt and costs paid; (signed) B. J. Phillips,” Phillips sold this bond and mortgage, for full value, to Joshua Lippincott, for whose use the present suit was brought. Lippincott brought a suit on the mortgage against the church, which was submitted to arbitrators. Notice was given to the defendants to appear before the arbitrators, and assist in the suit, but they declined appearing. An award was made, that the plaintiff had no cause of action, the arbitrators being of opinion, that the trustees who gave the bond and mortgage in the name of the church, had no authority to bind the corporation by a mortgage. Lippincott, having been thus defeated by the church, issued a scire facias for his own use, in the name of Phillips, on the original judgment, against the defendants. The cause came to trial at nisi prisus before me, and after the evidence was closed, in consequence of my intimating an opinion in favour of the defendants, it was agreed, that a nonsuit should be entered, with leave to move the court in bank to take it off. There is an insuparable difficulty in the way of the plaintiff’s recovery. It is acknowledged on record, that Phillips’s judgment was satisfied. That is the substance, though not the literal expression of the entry, for what can be a more complete satisfaction, than payment of debts and costs?
The counsel for the plaintiff contended, indeed, that it was no more than a discontinuance of the suit, which might be afterwards renewed. But it appears to the court in a different light. The award of the arbitrators in favour of Phillips, was, by our act of assembly, a judgment. And although the award might perhaps have been bad, still it was a judgment, liable to be reversed, if bad, on a writ of error. Then, when the plaintiff appealed, and after-wards withdrew his appeal, the judgment of the arbitrators remain» ed in force, and the entry on record, of debt and costs paid, ap» plied to the judgment. But it would not help the plaintiff if there had been no judgment, but the entry, “ ended, debt and costs paid,” had been made pending the action. For the court has no doubt, that the plaintiff may at any time, acknowledge on record, that the debt and costs are paid, and this may be pleaded in bar of any future action for the same debt. If the entry has been procured by improper means, such as the plaintiff alleged in the present instance; that is to say, by giving him a. mortgage which was good for nothing, he should apply to the court for leave to expunge the entry, which upon good cause shown, might be done. But we are of opinion, that while the entry, “ ended, debt and costs paid,” remains on the record, it is a bar to the plaiutiff’s recovery in a subsequent suit for the same debt. The motion, to take off the non-suit is therefore, refused.
Motion denied.