Tre opinion of the court was delivered by
Rogers, J.
The facts as proved and offered to be proved, appear to be these: — The plaintiff gave in evidence a shifted warrant to George Pinson, for four hundred acres of land, on which a survey had been made, but not returned. A re-survey, dated the 10th of December, 1813, made by the deputy surveyor for Thaddeus Goodyear, under whom the defendants claim; a deed from Geórge Pinson to Charles Bitters, and a deed from him to John Read, the plaintiff. The defendants then offered in evidence a warrant from the commissioners of Luzerne county to Benjamin Dorrance, sheriff of the county, dated the 5th of July, 1803, for the sale of unseated lands for payment of taxes, which included the tract in question; a sale by the sheriff on the 28th of November, 1803, to William Ross, a conveyance by him to Thaddeus Goodyear, and a payment of taxes by Goodyear up to the commencement of the suit. The defendants further offered in evidence a deed from Thaddeus Goodyear to James Black, for two hundred and sixteen acres, and one hundred and fifty-six and a half perches, situated in the north part of the tract which Black took possession of and lived on for the space of ten years, and that he cleared thirty acres of the said tract. The plaintiff had neither paid any tax during the whole period, nor had he offered to pay taxes, either before or since the commencement of the suit.
*351 If the plaintiff can recover under such circumstances, it is obvious it would be a premium for non-payment of the county rates and levies. He would recover, back his lands, without having paid, or offered to pay one cent of the county assessments, for the defendant will have sustained these burthens for his benefit. For thirty years he has abandoned all claim; and, in all probability, we-should not have heard of this suit, had it not been for the increased value, arising from the settlement of the country. It should be an unbending principle of law, which would sanction the recovery in favour of a'person so negligent of his rights, and the duty imposed upon him, against the holder of the land who has regularly7 paid the burden assessed for public purposes." “ If one claiming by warrant and survey, omit to pay one part of his taxes for twenty-one years, and suffer one who has entered without title, and settled on the land, to pay the whole taxes during that whole period, the jury may presume he was ousted, and he will be bound by the act of limitations.” 10 Serg. & Rawle, 306. This, it is true, is not the point of the case, and, therefore, not cited as a binding authority; but it is referred to for the good sense in the dictum.of the learned judge. This, however, is stronger than the ease supposed. Thad~ detts Goodyear, who purchased the land from Eós&, éntered at least under claim of right. He regularly pays the taxes assessed, for upwards of twenty-one years, and during the whole of that time, there is no claim or pretence of claim on the part of the plaintiff. He does nothing to perfect his title, nor does he by any one act manifest an assertion or pretence of interest in the land. The jury might, therefore, (had the evidence been received by the court.) have presumed an ouster, which would have barred the right of the plaintiff by the act of limitations. The conduct of the plaintiff is evidence of an abandonment, particularly as connected with the fact, that the. survey on this shifted warrant was made but never returned. Whenever the person who -has the right, confesses himself out of possession, the act of limitations runs against him, because there is sufficient evidence of his being ousted, although, the land be not enclosed by his adversary. 10 Serg. & Rawle, 306. And this confession may be as well made by actions, of which the jury may. judge under the direction of the court, as by words.
Several bills of exceptions have been taken to detached parts of the evidence offered by the defendant, and overruled on the ground, that, “an exact and punctual adherence to the laws, can alone devest the title of lands on a sale for non-payment of taxes.” That a minúte conformity to the laws in ordinary eases, must be proved under the act of 1796 and 1804,- is too well settled to be now shaken, but that that principle under the facts, governs this case, may well be doubted. It has not, so far as my researches have extended, yet had the benefit of a judicial decision, whether lapse of time may not alter the rute and, throw the onus on the warrant holder.. *352 That there must be some limit when courts of justice should apply the maxim, omnia presumuntur rite acta, will appear from the consideration, that otherwise, the longer the possession, the weaker the title. After the lapse of twenty-one'years, it is almost impossible to prove á literal compliance with the act, and to exact a punctual adherence to the letter would be equivalent to saying that a sale for taxes should not be supported. It would only be necessary to lie by until the evidence of the regularity of the sale was lbst, when a recovery would be the necessary consequence. Time would strengthen the title of the warrant holder in the same proportion that it weakened the title of the vendee of the land. A title acquired by time .aloné, independently of the act of limitations, is regarded in law and equity. Thus a defendant would avoid an estate for want of li.very of séisin, but because the plaintiff enjoyed it twenty-five years, it was decreed he should enjoy it quietly. Toth. 54, S. C., cited in Vern. 196, where it is'said, after such a length of time, the.court will presume livery. So, a plaintiff had forty years’ possession of a piscary; the court decreed the defendants to surrender and release their title to the same, though the surrender made by the defendant’s ancestor was defective, Penrose v. Trelawney, cited in Vern. 196; and after forty years’ possession of a copyhold under a will, there appearing no surrender to the use of such will, the court decreed the want of a surrender should be supplied. Vern. 195. S. C., 2 Ch. C. 150. The plaintiff sought to have a conveyance of his father’s estate set aside, which was made twenty years since, when the father was eighty years old, and non compos mentis; the court declared, that after , twenty years and two purchases, it was not proper for this court to examine a non compos mentis, and dismissed the bill. 1 Ch. R. 40. A bill of review to reverse a decree made sixteen years ago. The court, in regard the decree was made so long since, and nothing done against the same in all this time, would not reverse it: 1 Ch. R. 139, S. P. 2 Cl. Rep. 48.
A common that has, been enclosed thirty .years, shall not afterwards be thrown open. 2 Vern. 32.
For a number of similar instances in which equity regards length of time; I would refer generally to Francis’s Maxims in.Equity, Maxim 10, page 38.
So, also, courts of law pay especial attention to rights acquired by length of time, as will appear by reference to adjudged cases in our own reports. Although it has been doubted whether a legal prescription exists in Pennsylvania, yet the doctrine of presumption prevails in many instances. Young v. Collins, 2 Brown, 298, and vide Tod v. Strickler, 10 Serg. & Rawle. When a person has been absent many years without being heard of, and no circumstances appear to account for it, the jury may and ought to presume his death. Miller, et al. v. Beates, 3 Serg. & Rawle, 490. In the same ease it is decided, that there is no distinction between *353 ■real and personal property. Strickler v. Tod, 10 Serg. & Rawle, 68, bears the nearest analogy to the point now under review. In the case of the erection of a mill in a new country, if it were necessary to presume a grant of all water necessary for its use, the- court •would have no hesitation in instructing a jury to presume it. And this in analogy to the statute of limitations, for the court say, it is well settled, that if there has been an uninterested exclusive enjoyment above twenty-one years, of water in any particular way, this affords a conclusive prescription of right in the party so enjoying. In case of easements and other incorporeal -hereditaments which do not admit of actual possession, the period required by law for a bar by the act of limitations, is. usually esteemed as sufficient ground for presumption. Kingston v. Lesley, 10 Serg. & Rawle, 391. The rational ground for a presumption is where from the conduct of the party, you must suppose an abandonment of his right. Here, in consequence of lapse of time, the evidence should have been received and the jury should, have been left to presume an ouster, and whether, under the circumstances, there was, not an abandonment of all right to the land by the warrant holder.
The Court of Common Pleas seem to have been of the opinion that the resurvey made by the deputy surveyor for Thaddeus ‘Goodyear, inured to the benefit of the owner of the warrant. Why the survey was not returned, we are .not- informed,, probably be■cause the surveying fees were not paid. This was a shifted warrant which, calling for lands some forty miles from where the survey was made, may be considered as a right inceptive merely, until the return of the survey.
In the case of the Lessee of the Reverend John Ewing v. Daniel Barton, 2 Yeates, 318, it was decided, that one not pursuing his application with diligence, shall be postponed. And' that an application, whereon the party has not attempted to make a survey, is within the limitation act of the 26th of March, 1785, though the adverse party has. obtained a survey thereon. The court say, though there is a survey on the application, it is not shown that it was effectuated by the lessor of the plaintiff, or that he ever attempted to make one, and, therefore, it shall not inure to his benefit. The survey is adverse to his title. The analogy of the cases consists in this: the warrant did not call for the land. Survey had .been made, but not returned; there was the attempt, but not a completion of the title; they have not followed up their inceptive right with due diligence, but have been guilty of' neglect and laches, and have forfeited their pretensions to the land.. The re-súrvey was not made for the benefit of the plaintiff, not at his expense, but for the benefit of Thaddeus Goodyear, as was expressly proved. The resurvey cannot, therefore, inure to his benefit, as was decided in the case cited.
Judgment reversed, and a venire facias de novo awarded.