## Sweeney *against* M'Culloch.

One who without title, or colour of title, enters on unseated land, which has been surveyed and patented to another, acquires a right, under the statute of limitations, by twenty-one years possession, only to so much as he actually cultivates or encloses; and it is a matter of no consequence that the settler who enters was ignorant, at the time he entered, that the land had been previously appropriated by warrant and survey.

WRIT of error to *Butler* county.

This was an action of covenant by Michael Sweeney against John M'Culloch, on articles of agreement for the sale of a tract of land, containing two hundred acres, by the defendant to the plaintiff. The breach assigned was, that the defendant had not made a good title to the plaintiff for the land which he agreed to sell and convey. To support the issue on his part, after having given in evidence the covenant, the plaintiff exhibited a warrant for the land in the name of William Campbell, dated the 3d of February 1794; and proved that it had been executed by a survey made upon the ground in the spring of 1795. The defendant, in order to establish his title to the land, proved that Henry Sanderson entered upon the land on the 23d of April 1797, and continued to reside upon it, with his family, until the 8th of May 1820, when he sold the same to the defendant; that during that time he built a house and stable, and raised grain every year, and cleared and fenced about forty acres. The defendant contended that this possession by himself, and Henry Sanderson, under whom he claimed, gave him a good title to the whole two hundred acres by the statute of limitations. The plaintiff contended that it gave title only to the land actually enclosed and cultivated, and this was the question presented to the court. The court below was of opinion that the law was with the defendant, and so charged the jury, who found a verdict accordingly.

*Gilmore*, for plaintiff in error, cited, Hazard *v.* Lowry, 1 *Binn.* 166; Miller *v.* Shaw, 7 *Serg. & Rawle* 146; 2 *Smith's Laws* 224; Royer *v.* Benlow, 10 *Serg. & Rawle* 306.

*Ayres*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—This was an action of covenant, brought by Michael Sweeney against John M'Culloch, for the non performance of a contract, in not giving him a good and sufficient title to two hundred acres of land, sold by the defendant to the plaintiff. Sweeney gave

III.—TT

in evidence a warrant dated the 3d of February 1794, in the name of William Campbell. Also the entry book of John Moore of the date of the 3d of October 1794, showing a warrant in the name of William Campbell. He also proved by the testimony of John Parker, who was a deputy surveyor under John Wilson, that in the spring of 1795 he, and two assistants, surveyed a body of land on Judge Watson's warrants. That they commenced with a leading warrant on the Alleghany river, adjoining the donation lands, and run west: that he had the draft, which he compared with the survey book. In order to satisfy himself better, he took the original notes of survey, and went on the ground a few days before the trial. The original filed notes were in his hands at the trial, and he has no doubt that this is the tract which was surveyed under the warrant referred to, in the name of Campbell.

The defendant then gave in evidence, that a certain Henry Sanderson, on the 23d of April 1797, settled on the tract in question: that he continued to reside there with his family until the 8th of May 1820, when he sold the property to John M'Culloch. That during his residence he raised crops of wheat, rye and corn every year; built a house, fit for the habitation of man, in which he resided with his family, and also a stable; and cleared and fenced about forty acres of land. That there was no settlement nor improvement on the land before his settlement: and that Michael Sweeney is now actually residing on the same land with his family.

On this evidence the defendant contends that Sweeney has a good and sufficient title, in consequence of the possession having been in him, and those under whom he claims, more than twenty-one years, beginning with the actual settlement of Sanderson on the 23d of April 1797. The plaintiff, on the other hand, says, that by the possession he only acquired title to the extent of Sanderson's improvement, which is admitted to be about forty acres. And this was the only matter submitted to the court. The court charged the jury, that when a person makes an entry with intent to complete a settlement under the act of 1792, under the impression that the warrantee has forfeited his title, and continues in possession twenty-one years, such possession will, in contemplation of law, extend to the full quantity of acres to which an actual settler would be entitled, to be laid off in such manner as is reasonable: that there is no doubt Sanderson's entry was colourable, and that therefore the statute of limitation will protect him to the full extent of an actual settler's claim.

The plaintiff in error says, there is manifest error in this, that the court charged the jury that Sanderson's entry was colourable, and that therefore the statute of limitation would protect him to the full extent of an actual settler's claim. I think it proper to remark that the only point raised by the counsel is on the act of limitations. It is taken for granted that there was an outstanding valid title, under the Campbell warrant, and that the fact that there was no evidence

of the return of survey does not alter the case. I shall, therefore, confine my attention entirely to the point raised in the court of common pleas and discussed here.

This question came before the court in two cases; Miller *v.* Shaw, 7 *Serg. & Rawle* 129, and Royer et al. *v.* Benlow, 10 *Serg. & Rawle* 305. The novelty of the points, and their importance, induced the court to consider them with great care. In Miller *v.* Shaw, the court decided that a person who, without title, or colour of title, enters on unseated land which has been surveyed and patented to another, acquires a right under the statute of limitations by twenty-one years possession, only to so much as he actually cultivates or encloses. In Royer *v.* Benlow, it was ruled, that an improver who enters upon land held by another by warrant and survey, is protected after twenty-one years by the statute of limitations, as to all that he incloses or cultivates, but not as to those parts which remain in wood and unenclosed, though he uses them for fuel, fences, &c. It is to be remarked, that both Miller *v.* Shaw and Royer *v.* Benlow are cases of persons who claim by a settlement, and it seems to have been a matter of no consequence that they were ignorant at the time of the entry that the land had been previously appropriated by warrant and survey. Chief Justice Tilghman remarks, that it is complained of as a very hard thing, that a man who expends his time and labour on a tract of woodland should be confined to the limits of his enclosure ; nay, that even within these limits he should be unable to acquire title by less than twenty-one years possession. This is looking to only one side of the question. Is it not also hard that a man who has bought and paid for his land should be deprived of it without consideration ? If the settler knows of the prior appropriation, he acts dishonestly in attempting to acquire title by the act of limitations. If he is ignorant of it, he is unfortunate, but his misfortune is owing to his own negligence, for with proper diligence he might have known it. In both these cases the court do not consider an entry by a settler as an entry by colour of title; for if they had, it is conceded that the settler would not have been limited by his actual occupation. They consider him as nothing more than a trespasser. He sits himself down as a settler, although in truth he is a trespasser, and nothing more. There is no law or custom of the state authorizing a settlement on land which has been appropriated by survey. But the learned judge considers Sanderson's entry as colourable ; but this I consider is in direct opposition to the cases referred to. These cases were put by the counsel on the same ground, but without effect. However innocent the settler may have been, in contemplation of law he is deemed a trespasser and liable to the rules which govern in such cases. In Miller *v.* Shaw, Justice Duncan says, " we can easily understand what is meant by colour. There may be, there too often are, several office rights for the same tract of land. The holder of the younger enters; this is under colour of title. So several may claim title under the same original grant. All

[Sweeney v. M'Culloch.]

these enter under colour of title, and the difference is this : where one enters under colour of title, his possession is co-extensive with his title; but when one enters without any colour of title, his seisin is confined to his actual possession. The question has been so fully considered in the cases referred to, that nothing remains to be said. After two solemn decisions, the question should be at rest. I repeat that we only decide the question which was raised in the court of common pleas, in this court. I consider it dangerous to suitors to decide causes on grounds not taken by the counsel, and particularly in cases such as this, where a new trial must be granted, and the party may have an opportunity of availing himself of a different plea if he think proper.

Judgment reversed, and a *venire de novo* awarded.