# M'Caffrey *against* Fisher.

One who, without title or colour of title, enters into unseated land which has been appropriated by warrant and survey to another, acquires a right, under the Statute of Limitations, only to so much as he actually cultivates or encloses.

ERROR to the Special Court of *Indiana* county.

This was an action of ejectment for 300 acres of land by James C. Fisher against Barnabas M'Caffrey and Thomas M'Caffrey. The original title to the land was indisputably in the plaintiff, and the defendants claimed by virtue of the Act of Limitations. Their entry was without colour of title; and Judge Grier instructed the jury, that the defendants' right must be limited to the land actually cleared twenty-one years before this suit was brought. Verdict and judgment for the plaintiff, except six acres.

*Foster,* for plaintiff in error, conceded that the old cases seemed to favour the principle laid down by the court below; but in the recent cases the court have adapted the rule to the improved condition of the country, and have departed from the severity of construction which was once given to the Act of Limitations. An actual settler was entitled to 400 acres of land; by the laws of the State he was invited to take possession of wild land and make it his home; how could he know that the land had been appropriated? It would seem therefore to be a reasonable construction of the Act, that his actual possession for twenty-one years should give him a quantity of land, such as the law would entitle him to, if it had not been previously surveyed. 10 *Serg. & Rawle* 307; 7 *Watts* 580; 2 *Serg. & Rawle* 240; 3 *Watts* 69; 9 *Watts* 363.

*Buffington, contra;* whom the court declined hearing.

The opinion of the Court was delivered by

SERGEANT, J.—The principles applicable to this case have been frequently adjudicated in this court, and are discussed at length

[M'Caffrey v. Fisher.]

in several of the cases reported. One who, without title, or colour of title, enters into unseated land which has been appropriated by warrant and survey to another, acquires a right under the Statute of Limitations, only to so much as he actually cultivates or encloses. *Sweeney* v. *M'Culloch*, (3 *Watts* 345); *Miller* v. *Shaw*, (7 *Serg. & Rawle* 129); *Farley* v. *Lenox*, (8 *Serg. & Rawle* 392); *Royer* v. *Benlow*, (10 *Serg. & Rawle* 303); *Potts* v. *Gilbert*, (3 *Wash. C. C. Rep.* 475); and colour of title is where the entry is made under a *bonâ fide* and not pretended claim to a title existing in another. (3 *Watts* 72). But if such occupant pay the taxes on the tract with the acquiescence of the owner for 21 years, he will acquire a title to the tract. *M'Call* v. *Neely*, (3 *Watts* 69); *Royer* v. *Benlow*, (10 *Serg. & Rawle* 303); for such payment is equivalent to a claim of title, and makes the possession adverse to that extent. In the case before us, the defendant's predecessor entered without title or colour of title, on land which had been sold by the Commonwealth to the plaintiff's ancestor by warrant, survey, and patent. He never, so far as appears, paid the taxes on the tract, in whole or in part, or did any act extending his claim beyond what he occupied. His possession, therefore, under the Statute of Limitations, is adverse only as to what he enclosed and cultivated.

The case of *Criswell* v. *Altemus*, (7 *Watts* 580), relied on on behalf of the plaintiff in error, does not differ from the former decisions, or vary the principles uniformly acted upon. For Mr Justice Kennedy there says, that when an intruder, without colour of title, settles on an unseated tract belonging to another, holding it under warrant or patent, and claims it as his own by acts of ownership, putting up buildings, clearing and fencing more or less of it, and using the whole according to the custom of the country, that is, the clear land as arable or meadow, and the woodland for timber, and also returning the whole to the assessors as his own, and paying taxes thereon when assessed, for a period of 21 years, it is sufficient to protect him for the whole, whether cleared or woodland.

                                        Judgment affirmed.