# Hastings *against* Wagner.

A long-continued claim of title, with acts of ownership, uncontested by adverse pretension on the part of him who is supposed to have conveyed, will be sufficient to supply the place of an absent link in a chain of title. The law will presume a conveyance to have been made.

ERROR to the Common Pleas of *Centre* county.

Daniel and Mary Hastings against William Wagner. This was an action of ejectment for a tract of land. The plaintiff gave in evidence a warrant of the 1st July 1784, to Thomas Denton; 20th April 1786, survey of 272 acres; 18th May 1786, patent to Thomas Denton; 9th April 1787, deed Thomas Denton to Matthew Clarkson and others, commissioners in bankruptcy; 19th May 1797, deed Matthew Clarkson and others to Robert Ralston; 8th September 1788, sale of Robert Ralston to A. G. Claypole; A. G. Claypole conveyed to James Thomson; 1st January 1800, deed William Ellott, sheriff, to John Carson, for the land sold as the property of John Harris; and from this point the title was regularly deduced down to the present plaintiffs. It was also proved

by the plaintiffs that the taxes were regularly paid by those under whom they claimed. The defendant claimed under a different warrant survey and title, and payment of taxes.

The court instructed the jury "that the plaintiff was not entitled to recover, because one link in the chain of his title is wanting, and not accounted for. The title is traced into James Thompson, but it is not shown that he conveyed to Harris, as whose property it was sold at sheriff's sale. The defect the plaintiff has attempted to supply by showing that Harris and those claiming under them have paid taxes for twenty years and upwards. But the defendants show that those under whom they claim have paid taxes during all that period on the land according to their title. Now no presumption of title in Harris can arise from payment of taxes, or against the defendants, for they were paying their own taxes according to law, and it was of no concern to them that others were paying taxes in assertion of a title that has not been traced into plaintiff. To which opinion plaintiff's counsel excepted."

*J. T. Hale*, for plaintiff in error, cited 1 *Watts & Serg.* 324. 401; 2 *Binn.* 55. 468; 2 *Wend.* 13.

*Blanchard*, for defendant in error, cited 10 *Serg. & Rawle*, 390.

The opinion of the Court was delivered by

GIBSON, C. J. — The principle of *Taylor* v. *Dougherty* applies itself to the question for decision with conclusive force. A conveyance was presumed, in that case, from exclusive payment of taxes for thirty years by the presumptive grantee, without counterclaim or tender of the taxes by the presumptive grantor. True, the question had respect to the presumption of a conveyance from a warrantee to one who was supposed to have originally been the beneficial owner of the title; and it is also true that the practice of the land-office in granting warrants and locations in the names of trustees for the true owners, was mentioned as a circumstance which gave countenance to the presumption. But the practice was viewed not as the mother of it, or as anything more than a powerful ingredient in the evidence necessary to start it in the particular instance. In the case before us, the warrantee was indisputably the beneficial owner, because the conveyance attempted to be presumed is not from him, but from the third grantee of his title after it had been completed by a patent; but though the presumption derives no encouragement from the usages of the land-office, it certainly is aided by the circumstances usually attendant on sheriff's sales. Our courts have not specific chancery powers to enforce the delivery of title-deeds, and our habit of perpetuating the evidence of the originals makes the want of such powers less

felt. But it is notorious that the muniments of the title are often captiously withheld by the debtor from the sheriff's vendee; and when an unrecorded link in the chain is thus retained, what is the purchaser to do? He might possibly supply it by common law-proof of its contents, but he could seldom do so at the end of thirty years, when the witnesses would in the course of things have passed away; or he might perpetuate the evidence of it if it were fresh, yet it might be so stale as to baffle inquiry at the time of his purchase. What is the next best evidence of it against a third party? Undoubtedly long-continued claim of title, with acts of ownership uncontested by adverse pretension on the part of him who is supposed from it to have conveyed. There may even be no deed to be proved, as the absent link may have consisted of adverse possession and a transfer of the title by the Statute of Limitations. It is very true that title to wild land cannot have been gained by the statute; but the presumption has regard to every condition of the estate. Then if the policy dictated by the peculiar nature of our transfers would not raise the presumption of a conveyance from thirty years' undisputed claim, and acts of ownership superadded, as well in favour of a purchaser at sheriff's sale, as in favour of the equitable claimant of a warrant, there would be a defect somewhere. But the truth is, there is nothing peculiar to the state of the property in either case. The principle laid down in *Kingston* v. *Leslie*, (10 *Serg. & Rawle* 383),—and it is the true one—was predicated generally. "I do not know," said Chief Justice Tilghman, "that there is any positive rule defining the time necessary to create a presumption of conveyance." Again: "The rational ground for presumption is when the conduct of the party out of possession cannot be accounted for without supposing that he has conveyed to the one who is in possession." In that case the conveyance of a patented title was presumed from the quiescence of the presumptive grantor from 1746 to 1783; while the presumptive grantee was receiving the rents and paying the taxes. It is true, the latter was in the actual possession, and in this case he was not. It is true also, that in respect to the land at present in contest, the actual possession has been adverse to him, insomuch as possibly to bar him by the Statute of Limitations. But each of the parties has been respectively in possession of the rest of his survey; the one constructively, the other actually by settlement and residence. But to raise the presumption of a conveyance, the question of possession is between, not these two, but the presumptive grantor and the presumptive grantee; and it is not whether the former specifically conveyed the spot in dispute, but whether he conveyed the tract of which it is a part. He has been out of possession of the whole, and how can we, in the language of Chief Justice Tilghman, account for his silence for thirty years, without supposing that he had conveyed to him who, during that time, performed the services to the public; and

[Hastings v. Wagner.]

if the law will raise a presumption from his acquiescence in the claim and acts of ownership of the other that he conveyed the tract, there will be no reason to presume that the land in contest was excluded. Now it is notorious that the plaintiff has had all the possession of the tract which acts of ownership, uncoupled with actual occupancy, could give. He has bought it, paid for it, and publicly asserted a title to it for thirty years, without the appearance of a competitor to challenge his right. He has, indeed, not been in actual possession of it; but he has had all the indices of constructive possession except an unbroken chain of conveyances; and the only question is, whether it may not be a foundation for a presumptive conveyance to fill the place of the absent link. Had the presumptive grantor contested the title of either of the litigants to the land in contest, it might have been a decisive circumstance of rebuttal; but as he fled the field, what matters it which of the combatants had possession of it? That actual possession, though a powerful circumstance, is not indispensable to a presumption of the sort, is shown by *Read* v. *Goodyear*, (17 *Serg. & Rawle* 350), in which want of claim and an omission to pay taxes for twenty-one years by a warrant-holder whose land had previously been sold as unseated, were held to raise a presumption of ouster or abandonment; and the case of *Naglee* v. *Albright*, (4 *Whart.* 291), differs no further than to say that exclusive payment of taxes is not evidence of ouster to give effect to the Statute of Limitations. That is undoubtedly true as regards barring the former owner of the title; but what has it to do with an objection to deduction of title by a third party? In consonance with the general principle is *Neiman* v. *Ward*, (1 *Watts & Serg.* 79), in which a return of survey, uncontradicted for twenty-one years, was held to be conclusive that the survey had been regularly made. Yet the presumption in these cases rested on no actual possession. These presumptions conduce to repose; and there is a growing tendency to encourage them not only here but elsewhere. In *Klock* v. *Hudson*, (3 *Johns. Rep.* 375), the Supreme Court of New York were of opinion that to constitute a defence in ejectment, an outstanding title in a third person must be a present and an operative one, else it will be presumed to have been extinguished. In the present case it can be presumed to have been extinguished only by a conveyance; and to whom? Not to the defendant, who does not pretend to claim under it, but to the plaintiff, who has claimed the tract for thirty years, and acted as the owner of it. In *Orr* v. *Cunningham*, (4 *Watts & Serg.* 294), a conveyance of the warrant might have been presumed, had not the evidence disclosed facts and circumstances utterly inconsistent with it. It has been said, however, that evidence which may be sufficient to make out a title against one who stands on possession alone, may not be sufficient to make it out against another who stands on possession coupled with an appearance of right. But

[Hastings v. Wagner.]

till the plaintiff has shown title in himself, the defendant may fold his arms, on the very ground that against a wrong-doer of whatever stamp—and every assailant without right is a wrong-doer—possession is as good as a patent. Now the plaintiff cannot be distinguished from a wrong-doer before he has shown his title; and till that is done, it does not appear whether the defendant is merely an intruder or not. But the presumption rests on broader ground; and it ought in this instance to have been put to the jury as presumptive evidence of a conveyance subject to be rebutted only by countervailing proof.

Judgment reversed, and *venire de novo* awarded.