## WESTERN DISTRICT, PITTSBURGH.

## Wolf *versus* Ament's Executor.

1. When a man enters upon, improves, fences, and occupies part of another man's tract of land, and has the boundaries of his claim surveyed and marked, including woodland not inclosed, and for twenty-one years openly and exclusively uses the woodland as his own, in connection with his improvement, and as farmers ordinarily use their woodland, this is an actual possession of the woodland, and excludes the constructive possession which the law usually attributes to the title, and to the owner's actual possession of the rest of his tract.

2. The cultivation and continued occupancy of part of the plaintiff's land, as a farm, was notice of the adverse claim, sufficient to warn him that the claim and appropriate use extended beyond the mere fences.

ERROR to the Court of Common Pleas of *Westmoreland county.* This was an action of ejectment, in which the plaintiff in error was defendant below.

The facts of the case are fully stated in the opinion of the court, delivered May 17, 1855.

*Cowan,* for plaintiff in error, referred to *Cluggage* v. *Duncan,* 1 S. &. R. 118; *Burns* v. *Swift,* 2 S. & R. 439.

*Foster,* for defendant in error, referred to *Hall* v. *Powell,* 4 S. & R. 456; *Potts* v. *Geibert,* 3 W. C. C. R. 475; *Altemus* v. *Long,* 4 Barr, 254; *Hole* v. *Rittenhouse,* 7 Har. 305; *Cluggage* v. *Duncan,* 1 S. & R. 118; *Altemus* v. *Trimble,* 9 Barr, 233.

LOWRIE, J.—Wolf was the defendant below, and the action is ejectment. He had a survey made for himself of part of the plaintiff's land, and the boundaries marked. Afterward, in 1799, he entered upon the land, claiming it as his own, improved, fenced, and cultivated part of it; and, as it is admitted, "openly, notoriously, and exclusively used the woodland of the residue, as farmers usually do," for more than twenty-one years before suit brought. The plaintiff entered upon his tract in 1816, without interfering with the defendant's occupancy, and has kept up an actual occupancy of the rest of his tract ever since. The defendant's title was sustained for all that he had within his fences; but the court below treated his use of the woodland as only a constructive possession, and decided that it was overcome, by the constructive possession that accompanies the right, as soon as the plaintiff went into actual occupancy of a part of his tract, in 1816. And, in order to support the conclusion to which the

[Wolf v. Ament's Executor.]

court arrived, in favor of the plaintiff, we must imply that it was meant of course to say that the possession of the woodland continued, constructively, in the plaintiff, from that time onward, notwithstanding the kind of use made of it by the defendant. This is the principle involved in the instruction that the defendant had no title to the woodland, and this is complained of as error.

The case of *Roger* v. *Benlow*, 10 S. & R. 305, seems to favor the view taken by the court below; but the older cases sometimes referred to for the same principle are not relevant; for, in those cases, the adverse claimants had no defined boundaries other than their fences. 1 S. & R. 118; 2 Id. 438; 4 Id. 465; 7 Id. 134. The more recent cases, however, have more carefully and clearly defined what is actual occupancy; and they do most certainly decide that such a use as the defendant made of the woodland in connection with his improved land is actual and not constructive possession; and therefore any constructive possession of the plaintiff, claimed to arise from his possession of the rest of his tract, is excluded. 7 Watts, 37, 580; 9 Id. 77; 4 W. & S. 35; 1 State R. 295, 413; 8 Id. 507. The principle of *Altemus* v. *Long*, 4 State R. 254, is not very easily reconciled; but it is not in conflict on this point. The cultivation and continued occupancy of part of the plaintiff's land as a farm, was notice of the adverse claim, sufficient to warn him that the claim and appropriate use extended beyond the mere fences; and therefore he is not deprived of his land by a claim of boundary, the knowledge of which was beyond the reach of ordinary diligence; and herein this case differs from *Altemus* v. *Trimble*, 6 State R. 232.

The case which we decide is, that where a man enters upon, improves, fences, and occupies, part of another man's tract of land, and has the boundaries of his claim surveyed and marked, including woodland not inclosed, and for twenty-one years openly and exclusively uses the woodland as his own, in connection with his improvement, and as farmers ordinarily use their woodland, this is not a constructive but an actual possession of the woodland, and excludes the constructive possession which the law usually attributes to the title and to the owner's actual possession of the rest of his tract.

Judgment reversed, and new trial awarded.

Justices BLACK and KNOX were absent at the argument of this cause.